UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| SHANNON KEITH HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-73-DLB |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN J. C. HOLLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Shannon Keith Harris is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, Harris has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1)

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Harris's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because he may not pursue his claims under § 2241 and because they are

1

substantively meritless.

# I

On April 11, 2007, a federal jury in Galveston, Texas, found Harris guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); possessing fifty or more grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and of conspiracy to possess fifty or more grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 846. On January 31, 2008, the trial court sentenced Harris to a 120-month term of incarceration on the felon-in-possession charge, to be served concurrently with a term of life imprisonment on the drug trafficking charges, and to a consecutive 60-month term of incarceration for possessing a firearm in furtherance of a drug trafficking crime. *United States v. Harris*, No. 3:03-cr-14-1 (S.D. Tex. 2003). The Fifth Circuit affirmed his conviction and sentence on direct appeal. *United States v. Harris*, 566 F.3d 422 (5th Cir. 2009). The trial court denied Harris's motion for relief from his conviction and sentence filed under 28 U.S.C. § 2255 on November 16, 2011. *Harris v. United States*, No. 3:11-cv-280 (S.D. Tex. 2011).

In his petition, Harris contends that his drug trafficking convictions must be vacated in light of the Supreme Court's decision in *DePierre v. United States*, __ U.S. __, 131 S. Ct. 2225 (2011). (Doc. #1, pp. 3, 8). In *DePierre*, the Supreme Court rejected the contention that the term "cocaine base" in 21 U.S.C. § 841 includes only "crack" cocaine, instead concluding that its meaning is broader, and encompasses all forms of "base" cocaine, such as crack, free base, coca paste, or any other form of cocaine that has not been chemically converted into a salt or constitutes an isomer of cocaine. *Id*. at 2227-30.

As a threshold matter, Harris cannot assert his claim under *DePierre* in a habeas corpus petition under 28 U.S.C. § 2241. To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a § 2241 petition is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes

that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Harris's claims do not fall within this narrow exception. While *DePierre* was decided by the Supreme Court after Harris's conviction became final, to date no court has found that it satisfies the criteria for retroactive application. *Cf. Wallace v. United States*, 2012 WL 2161268, at *3 (N.D. Tex. 2012) ("*DePierre* has not been recognized or declared a retroactively applicable Supreme Court decision. It only clarified existing law."). Although the Sixth Circuit has not determined whether a claim predicated upon *DePierre* may be pursued in a § 2241 habeas petition in a published opinion, numerous other courts of appeal have found that it may not. *Arnold v. Ask-Carlson*, 494 F. App'x 424 (5th Cir. 2012); *Fields v. Warden, FCC-Coleman-USP-1*, 484 F. App'x 425, 427 (11th Cir. 2012); *Yates v. Bledsoe*, 501 F. App'x 111, 114-115 (3d Cir. 2012). Additionally, district courts in this circuit, including uniformly follow this rule, *Irons v. Farley*, No. 4:12-CV1516, 2013 WL 626451, at **4-5 (N.D. Ohio Feb. 20, 2013); *Colbert v. Ives*, No. 12-CV-99-GFVT, 2013 WL 1856080, at *5 (E.D. Ky. Apr. 30, 2013), an approach which the Sixth Circuit has repeatedly affirmed, *McCoy v. Ives*, No. 6:12-CV-109-ART (E.D. Ky. July 12, 2012), *aff'd*, No. 12-5937 (6th Cir. Apr. 4, 2013) (holding that claim under *DePierre* is not cognizable under § 2241 because it did not result in the petitioner being imprisoned for a nonexistent offense); *Knight v. Sepanek*, No. 12-54-HRW (E.D. Ky. 2012), *aff'd*, No. 13-5176 (6th Cir. Aug. 23, 2013) (holding that *DePierre* claim cannot be pursued under § 2241 because the decision "only makes clear that the term 'cocaine base' refers to all forms of cocaine base, not just crack cocaine, and in no way undermines Knight's

conviction.").

In addition, *DePierre* is of no assistance to Harris.  Harris was convicted of trafficking in crack cocaine, a form of cocaine base that falls squarely within the conduct prohibited by 21 U.S.C. § 841(a)(1).  *DePierre*, 131 S. Ct. at 2231-32.  In his petition, Harris repeatedly alleges that the type of drugs involved and their quantity were not charged in indictment, proved beyond a reasonable doubt, and submitted to the jury.  These allegations are flatly refuted by the record.  In the second superseding indictment, Count Three expressly alleges both drug type and quantity when it stated that the drug conspiracy involving Harris "involved fifty (50) grams or more of a mixture and substance which contained cocaine base, commonly known as crack, a schedule II controlled substance."  Likewise, Count Four expressly alleges that Harris's drug trafficking "involved fifty (50) grams or more of a mixture and substance containing cocaine base, commonly known as crack, a schedule II controlled substance."  *United States v. Harris*, No. 3:03-cr-14-1 (S.D. Tex. 2003) (Doc. #150 therein, p. 3, 4)

The jury instructions likewise required the jury to find that the drugs in question were cocaine base, and that the amount involved was fifty or more grams:  "In the indictment, it is alleged that a particular amount or quantity of cocaine base was involved.  The evidence in the case need not establish the exact amount or quantity of cocaine base that was alleged in the indictment, but only that fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base was in fact the subject of the acts charged in the indictment.  You will, of course, first have to ascertain whether or not the substance in question was, in fact, cocaine base, as alleged; ..." (Doc. #183 therein, p. 10)  The jury instructions reiterated that these findings constituted a required element for each offense.  (Doc. #183 therein, p. 16, 18)  Finally, the jury completed a special

verdict form in which they expressly found that both the conspiracy and the possession convictions involved fifty or more grams of cocaine base. (Doc. #187, p. 2) Because the record refutes the factual allegations upon which Harris's legal arguments are predicated, his claim is substantively without merit. Accordingly,

**IT IS ORDERED** that:

1.      Reginald Harris's petition for a writ of habeas corpus (Doc. #1) is **DENIED**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 13th day of September, 2013.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\London\2013\13-73 MOO dismissing habeas petition.wpd